Argued March 2, affirmed April 23, 1979

ANDERSON et al, *Plaintiffs,*
*v.*
JACK, *Appellant,*
MONTGOMERY et al, Respondents.
(No. 420-564, CA 10584)

593 P2d 1259

Robert L. Kirkman, Portland, argued the cause for appellant. With him on the briefs were Solomon, Warren, Killeen & Kirkman and Carlton D. Warren, Portland.

Fred A. Granata, Portland, argued the cause for respondents. With him on the brief were Dressler & Granata and Robert L. Dressler, Portland.

Before Schwab, Chief Judge, and Thornton, Lee and Gillette, Judges.

GILLETTE, J.

## GILLETTE, J.

Robert L. Jack appeals from a trial court judgment sustaining a demurrer against the first count of his cross-claim against respondents Montgomery, Mahaffey, and Rod Girtman Realtors, Inc., and ruling against him after trial on the third count of his cross-claim.[1] We affirm.

This case arose out of the sale of lots in the Rowe Terrace Addition subdivision in Gresham, Oregon. Farr, a third-party defendant, initially divided and developed the subdivision and, on June 28, 1971, filed the "Notice of Intention" required by the Oregon Subdivision Control Law, ORS 92.240.[2] Subsequently, on August 23, 1972, Farr sold all the lots in the Rowe Terrace Addition to respondent Montgomery. Montgomery listed those lots with respondents Mahaffey and Rod Girtman Realtors, Inc. In early 1973, petitioner Jack purchased two of those lots from Montgomery. In May, 1973, Jack sold one of the lots to plaintiffs Ned and Kathleen Helzer. In October, 1973, Jack sold the other lot to plaintiffs David and Candice Lind.

On June 20, 1972, the City of Gresham had adopted a resolution calling for the construction of storm drains outside the perimeter of the Rowe Terrace Addition. The city completed the project in December, 1973. The city then proportionately levied an assessment for the value of the improvements upon each lot in the subdivision. Plaintiffs, consumer purchasers of those lots, sued Jack and respondents Montgomery, Mahaffey, and Rod Girtman Realtors, Inc., for failing to disclose that the lots were subject to the storm drain assessment, and for the representation that drainage was to be installed at the expense of the developer. On more than one occasion, Jack tendered the defense of

---

[1] The trial court also sustained a demurrer against the second count of Jack's cross-claim. He does not appeal from this ruling.

[2] Unless otherwise stated, all statutory references herein are to the former Oregon Subdivision Control Law, ORS 92.210 to 92.390, repealed by Oregon Laws 1973, ch 421, § 52.

[815]

the suit to the respondents, who refused the tender. Montgomery, Mahaffey, and Rod Girtman Realtors, Inc., along with third-party defendant Farr, settled with plaintiffs for $4,000. Jack settled with plaintiffs for $500. Before the settlement, Jack cross-claimed against Montgomery, Mahaffey, and Rod Girtman Realtors, Inc., in three counts, only the first and third of which are pertinent here.

The theory of the first count was that respondents were liable to Jack for damages for violation of the Oregon Subdivision Control Law, ORS 92.330, for failing to state material facts necessary in order to make other statements made in connection with the sale of lots to him not misleading. That is, respondents failed to disclose that the property in the Rowe Terrace Addition was subject to the storm drain assessment. Jack's third count prayed for indemnity from respondents for his defense costs, on the basis that the litigation was the primary responsibility of respondents. The trial court sustained respondents' demurrer to the first count, ruling that the cross-claim did not allege sufficient facts to show that respondents were "subdividers" within the meaning of ORS 92.210(7). After trial on the indemnity claim, the trial court ruled that Jack failed to sustain his burden of proof as to the third count. He assigns as error the ruling sustaining the demurrer and the adverse judgment on the indemnity claim.

*Oregon Subdivision Control Law*

■ In his first count, Jack proceeded under the theory that respondents violated ORS 92.330(2), which provided:

> "No person shall, in connection with the offer, sale, or lease of any lot or parcel in a real estate subdivision, directly or indirectly:
>
> "* * * * *
>
> "(2) Make any untrue statement of a material fact or fail to state a material fact necessary to make the statement made, in the light of the circumstances under which it is made, not misleading * * * *"

[816]

The trial court sustained respondents' demurrer to this count on the basis that ORS 92.330(2) applies only to offers, sales or leases by "subdividers" and that Jack's cross-claim failed to state sufficient facts to show that respondents were "subdividers." The "subdivider" requirement arises from ORS 92.210(5), which provides:

> "'Sale' or 'lease' includes every disposition, transfer or offer or attempt to dispose of or transfer land in a subdivision, or an interest or estate therein, *by a subdivider or his agent,* including the offering of such property as a prize or gift when a monetary charge or consideration for whatever purpose is required by the subdivider or his agent." (Emphasis added.)

Thus, an untrue statement or failure to disclose is only culpable under ORS 92.330(2) if made by a person[3] in connection with the offer, sale, or lease of a subdivision lot by a subdivider or his agent. ORS 92.210(7) defined "subdivider" as:

> "[A]ny person who causes land to be subdivided into a subdivision for himself or for others, or who undertakes to develop a subdivision but does not include a public agency or officer authorized by law to make subdivisions."

Jack argues that the following allegations in his cross-claim sufficiently allege that respondent Montgomery is a "subdivider": (1) that respondents Mahaffey and Rod Girtman Realtors, Inc. were acting as agents for Montgomery; (2) that Montgomery purchased from Farr the Rowe Terrace Addition, consisting of 20 or more lots; and (3) "Defendants [sic] MONTGOMERY were [sic] at all times material hereto engaged in the real estate and/or construction business for profit and participated in said sale to defendant JACK for profit." Neither ORS 92.210(7) nor its identical successor, ORS 92.305(1), have been construed by the appellate courts of this state. We need not ascertain the precise bounds of the term

---

[3] Former ORS 92.210(3) defined "person" as including "a natural person, a domestic or foreign corporation, a partnership, an association, a joint stock company, a trust, and any unincorporated organization.***"

[817]

"subdivider" here. Jack has not alleged that Montgomery caused a parcel of land to be divided into smaller lots. Further, the allegation of the purchase of 20 or more lots in a subdivision and subsequent sale of two of those lots for profit is insufficient to show that Montgomery undertook to "develop" the subdivision. The term "develop" at the very least connotes some change more significant than the mere transfer of ownership. Thus, he has not sufficiently alleged that Montgomery fits either of the alternative categories in the definition of the term "subdivider." ORS 92.210(7), *supra.* The trial court did not err in sustaining respondents' demurrer to the first count of his cross-claim.[4]

*Indemnity*

The parties agree that Jack's indemnity claim is governed by *U.S. Fire Ins. Co. v. Chrysler Motors,* 264 Or 362, 505 P2d 1137 (1973). Under that case, "the claimant in an indemnity action [must] show that he has discharged a legal obligation to a third party to whom the indemnitor was also obligated, and that as between the two the indemnitor ought to have discharged the obligation." 264 Or at 366. In the present case Jack has not proven that he and respondents were liable to plaintiffs. Therefore, the trial court correctly ruled that he failed to sustain his burden of proof on his indemnity claim.

Affirmed.

---

[4] During the hearing on the demurrer, the trial court permitted Jack to amend his cross-claim once, and sustained a demurrer to the cross-claim as amended. The court then refused to permit Jack to amend a second time by adding the allegation that Montgomery was a "subdivider." He does not assign this ruling as error. We express no opinion as to the propriety of the trial court's action. Neither do we express an opinion as to whether the addition of the conclusory term "subdivider" would have enabled the cross-claim to survive a demurrer.